UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN NESTLE                                                              CIVIL ACTION

VERSUS                                                                              NO. 17-4463

BP EXPLORATION &                                                         SECTION "R" (4)
PRODUCTION, INC., ET AL.

# ORDER AND REASONS

Before the Court is plaintiff Stephen Nestle's motion to indefinitely continue all scheduling deadlines until plaintiff's counsel has completed discovery on the issue of BP's failure to conduct dermal monitoring and biomonitoring.[1]

The additional discovery plaintiff seeks would not produce information germane to the motions at issue, because the information sought would not fill the gaps in Dr. Cook's report. Finding out more about BP's failure to do the monitoring plaintiff describes would not provide a dose-response relationship. Nor would it cure the lack of "fit" between Dr. Cook's general causation report and the facts of plaintiff's case. Specifically, Dr. Cook failed to identify any chemical to which plaintiff was exposed that is capable of causing any of the symptoms that plaintiff allegedly suffers.

---

[1]      R. Doc. 44.

1

Further, the lack of the desired data from BP does not excuse the flaws in Dr. Cook's report. Dr. Cook was not limited to data from BP or the *Deepwater Horizon* oil spill in determining general causation. To the contrary, Dr. Cook's report cites to several epidemiology studies that evaluated the health effects from previous oil spills.[2] Moreover, as it pertains to data collected as part of the *Deepwater Horizon* oil spill, courts have cast doubt on the assertion that there is a lack of monitoring data associated with the spill. *See, e.g.*, *In re Deepwater Horizon Belo Cases*, No. 19-963, 2020 WL 6689212, at *4 (N.D. Fla. Nov. 4, 2020), *aff'd sub nom. In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243 (11th Cir. Jan. 11, 2022) (finding that following the *Deepwater Horizon* oil spill Unified Area Command, which was composed of several federal and state agencies, "engaged in extensive and coordinated data collection and environmental monitoring efforts, in what has been characterized as 'the largest environmental investigation of an oil spill ever undertaken'"); *Harrison v. BP Expl. & Prod. Inc.*, No. 17-4346, 2022 WL 2390733, at *7 (E.D. La. July 1, 2022) (noting that Dr. Cook "could have attempted to support an opinion

---

[2] *See* R. Doc. 48-3 at 63-65, 91; *see also id.* at 62 (noting that the experiences of responders "during previous oil spills provide an opportunity for scientific inquiry and analysis that can yield valuable information").

as to the dose necessary to cause plaintiff's symptoms by relying on the universe of relevant epidemiology and toxicology literature studying the spill or by relying on the work of Dr. Jones").

Plaintiff's motion is DENIED.

New Orleans, Louisiana, this __12th__ day of September, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE